UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>John Doe subscriber assigned IP address 67.182.169.244,<br><br>           Defendant. | No. 2:18-cv-01673-MCE-GGH<br><br>ORDER |

Plaintiff filed this complaint on June 7, 2018, ECF No. 1, alleging that it holds the copyright on various adult films, and that defendant is infringing on those copyrights by downloading Strike 3's films and distributing them to others. Id. at ¶ 4. Further, since defendant downloads and distributes the films anonymously, plaintiff is only able to identify him or her by way of IP address through which the films are acquired and distributed. Id. at ¶ 5. Because the identity of defendant is not otherwise known, plaintiff has now has brought an ex parte application to engage in expedited discovery, Fed. R. Civ. P. 26 (f) (sic, Rule 26(d)(1)), in order to serve a third-party subpoena pursuant to Fed. R. Civ. P. 45 on defendant's internet service provider, Comcast Cable Communications, LLC (Comcast Cable), to acquire the true name and address of the defendant in this action. ECF No. 6-1 at 7:20-23. Plaintiff argues that without the

1

subpoena for identifying information it will be unable to serve the Complaint on defendant and will, therefore, be prevented from vindicating its copyright. Id. at 6:23-7:2.

*DISCUSSION*

A.  *Federal Rules of Civil Procedure 26(d) and (f)*

Rule 26(d) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding excepted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Rule 26(f) contemplates a pre-discovery conference between the parties to the suit in order to develop a discovery plan that will control throughout the litigation. Obviously, in the absence of knowledge of the actual party being sued, no discovery conference can be held; thus plaintiff seeks relief from that requirement from the court. Courts in the Ninth Circuit apply the "good cause" standard in deciding whether to permit early discovery. Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D.Cal. 2002). "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" Id. Good cause for expedited discovery has been found in cases involving claims of infringement and unfair competition. Id. In infringement cases, expedited discovery is frequently limited to allowing plaintiffs to identify Doe defendants. See UMG Recordings, Inc. v. Doe, 2008 WL 4104207, at *3 (N.D. Cal. Sept. 4, 2008) (granting leave to take expedited discovery for documents that would reveal the identity and contact information for each Doe defendant). Strike 3 Holdings, LLC, 2018 W 1071711 *1 (S.D.Cal. 2018).

B.  *Standard to be Applied in Determining to Issue the Requested Subpoena*

In Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2nd Cir 2010), *citing* Sony Music Entm't Inc. v. Does 1-40, 325 F.Supp.2d 556,565-565 (S.D.N.Y. 2004), the Second Circuit articulated a five point test to be applied in a situation such as this if defendant seeks to quash a subpoena: (1) prima facie claim of actionable harm; (2) the specificity of the discovery requests; (3) the absence of alternative means; (4) the need for subpoenaed information to advance the claim; and (5) defendant's expectation of privacy. Although there is no appearing defendant as of yet, and hence, no motion to quash pending, the standard enunciated in Arista is useful in

2

determining whether to allow the requested subpoena at this time. Plaintiff here meets this test insofar as it has stated a prima facie claim by providing a list of downloads of its copyrighted films that had been downloaded to the subject IP address, seeks only discovery of the name and contact information for the party using that IP address, and has demonstrated that without identification of that party, it will be unable to proceed with its action to protect its copyright and will, therefore, be unable to advance its claim. To simply issue the order for expedited discovery requested here, however, raises a serious constitutional question of the IP address owner's reasonable expectation of privacy – the last element of the Arista test.

C.  *The Need for Privacy Protection*

As the United States Supreme Court made clear in Griswold v. Connecticut, 381 U.S. 479, 485 (1965), "specific guarantees in the Bill of Rights have penumbras formed by emanations from those guarantees that give them life and substance." Griswold found a right to privacy emanating from several Amendments, notably the First, Third, Fourth, Fifth and Fourteenth. Privacy can encompass fundamental and traditional activities such as marriage, medical records, or more recently identified rights such as those to commercial privacy. The right to privacy is, of course, balanced against other societal interests, especially in the litigation context. See Soto v. City of Concord, 162 F.R.D. 603, 618 (N.D. Cal. 1995) discussing production of medical records and citing Whalen v. Roe, 429 U.S. 589, 599-600 (1977). This court believes that the limited privacy protection afforded under the Constitution must be considered for the person that will be identified by the procedure of serving the subpoena on an internet provider. Here, the assumption:

> that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time. An IP address provides only the location at which one of any number of computer devices may be deployed, much like a telephone number can be used for any number of telephones. As one introductory guide states:
>
> If you only connect one computer to the Internet, that computer can use the address from your ISP. Many homes today, though, use routers to share a single Internet connection between multiple computers. Wireless routers have become especially popular in recent years, avoiding the need to run network cables between rooms. If you use a router to share an Internet connection, the router gets

3

> the IP address issued directly from the ISP. Then, it creates and manages a subnet for all the computers connected to that router.
>
> Thus, it is no more likely that the subscriber to an IP address carried out a particular computer function—here the purported illegal downloading of a single pornographic film—than to say an individual who pays the telephone bill made a specific telephone call.

In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80, 84 (E.D.N.Y. 2012); see also Manny Film LLC v. Doe Subscriber Assigned IP Address 50.166-88-98, 98 F.Supp.3d 693, 695 (D.N.J. 2015), *quoting* Malibu Media, LLC, 2014 WL 229295 *8-9 (D.N.J. 2014):

> [D]iscovering the identity of the internet subscriber may not equate to discovering the identity of the infringing party. Establishing that the person identified by discovery is the person who infringed upon the copyright will likely require additional proofs beyond the fact that the individual is listed as the subscriber on the account from which the infringing activity originated. See Modern Woman, 696 LLC, 2013 WL 707908, at *5 n. 4 (noting that, by permitting discovery of the personally identifiable information, the court did not permit plaintiff to rely solely on that discovery to prove that the subscriber committed the acts alleged in the complaint); Next Phase Distribution, 284 F.R.D. at 172 (noting the "high likelihood" that the requested discovery could lead to "false positives" as to the identity of the alleged infringer.)

Finally, consideration must be given to the fact that this particular case, focused on the theft of pornographic films, would have a different effect on an individual wrongly identified as a defendant that would occur with a run of the mill copyright infringement accusation. Here, the wrongly named defendant would likely feel exposed to embarrassment and reputational damage in the community at large before he or she could engage counsel and litigate the issue of mistaken identity through a motion to quash. Also, the possibility exists of being forced into a settlement to avoid the effects of such "exposure." See In re BitTorrent, supra, 296 F.R.D. at 90.

*CONCLUSION*

In light of the foregoing IT IS HEREBY ORDERED that:

1. Plaintiff's Ex Parte Application for Leave to Service Third Party Subpoena Prior to a Rule 26(f) Conference is GRANTED to the degree that it may engage in limited expedited discovery to establish the identity of the owner of the IP address identified in the Complaint by serving a subpoena on the ISP provider of the above-captioned IP address;

4

2. The ISP shall be served with a subpoena seeking only on the true name and address of the person or entity to whom the ISP is assigned;

3. Once plaintiff has obtained the actual identity of the person or entity associated with the IP address captioned herein, it may serve on that person or entity a copy of this Order; no formal service of process shall be permitted absent further order of this court;

4. The parties, both plaintiff and the potential defendant, are hereby invited to attend an informal chambers conference before the undersigned at the Eastern District of California, Federal District Court, 501 I Street, Sacramento, CA 95814, 13th floor on for the following purposes:

    a. A discussion of the potential to enter into a settlement;

    b. In the absence of an agreed settlement, to establish a procedure to further protect the identity of the defendant, if warranted;

    c. To set a schedule that will allow the defendant an opportunity to file a motion to quash the subpoena if there are true and adequate grounds therefor;

    d. Procedures for service of process or waiver thereof.

5. The parties are advised that attendance at such a conference is voluntary and will not itself constitute a waiver of service of the Complaint, or result in a finding of "appearance" in the litigation, unless the case is resolved at the conference and a settlement is placed on the record of the court, or the potential defendant agrees to waive service.

6. Plaintiff shall notify the court, by a status statement filed no later than 45 days from the date of this Order, that the foregoing service of this Order has been effected, and whether defendant has acceded to attendance at the informal chambers conference, without identifying the defendant other than by listing the defendant as a John or Jane Doe at the specific IP address captioned above, after which the court will, if appropriate, schedule such a conference;

7. A decision by the person identified as the owner of the within- captioned IP address not to attend the above-described informal conference will lead to an order substituting the now identified defendant by name, permitting ordinary service of process, and commencement of the litigation.

8. Plaintiff is cautioned that, until permission is given by the court, it is not to reveal the identity of the defendant in or out of court.

9. Nothing in this Order would preclude plaintiff and defendant from reaching a settlement without court participation before any informal conference is held or formal service of process is effected.

**IT IS SO ORDERED.**

Dated: August 16, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE